UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN D. COCHRAN,

     **Plaintiff,**

v.                                                              Case No.  **8:09-cv-160-T-33TBM**

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on referral by the Honorable Virginia M.

Hernandez Covington for a Report and Recommendation on **Defendant's Motion to Dismiss,**

**or in the alternative, for Summary Judgment** (Doc. 25) and Plaintiff's response (Doc. 27).

By his motion, the Commissioner seeks an Order dismissing Plaintiff's Complaint as time-

barred under 42 U.S.C. § 405(g), because it was not commenced within sixty days from his

receipt of the Appeal's Council notice or within any time as extended by the Appeals

Council.[1]  Plaintiff, who is proceeding pro se, responds that multiple reasons exist to justify

equitable tolling of the time for filing his civil action including a mistake by the Social

Security Administration (SSA) as to the date of the ALJ's decision, his hearing transcript

being lost by the SSA, delays in his receipt of the Appeals Council's notices, and his diagnosis

_____

[1]Specifically, the Commissioner asserts that because Plaintiff failed to meet the time
limitations specified in § 405(g), his Complaint must be dismissed for failure to state a claim
upon which relief can be granted under Rule 12(b)(6) or, alternatively, under Rule 56.

of depressive disorder occurring during the same time frame he was to initiate his appeal.

Because Plaintiff's Complaint was filed untimely and I conclude that Plaintiff has failed to

show extraordinary circumstances to justify equitable tolling, I recommend that Defendant's

motion to dismiss be granted.

I.

A procedural overview of this case proves useful.[2]   On November 22, 2004, the

Plaintiff filed applications for disability benefits and Supplemental Security Income (SSI)

payments, alleging disability as of May 31, 1998.  The claims were denied initially and on

reconsideration.  Plaintiff filed a timely request for a hearing on August 10, 2005, and an

Administrative Law Judge (ALJ) conducted a hearing August 15, 2007.[3]  In a decision dated

January 16, 2007,[4] the ALJ found the Plaintiff to be not disabled under the Act, and

accordingly denied Plaintiff's claims for disability benefits and SSI payments.  (Doc. 25-1 at

8-16).  Plaintiff received the unfavorable decision in January 2008.  (Doc. 27 at 1).  In a letter

dated April 25, 2008, the Appeals Council denied Plaintiff's request for review of the ALJ's

decision, making the ALJ's decision the final decision of the Commissioner.  (Doc. 25-1 at

---

[2]The facts are set forth in the declaration and exhibits to Defendant's motion (Doc. 25-1) and Plaintiff's response (Doc. 27), as well as the electronic docket in this case.

[3]Although a copy of the hearing transcript has not been filed, the ALJ's decision reflects that Plaintiff was represented by counsel at the hearing.  (Doc. 25-1 at 8).

[4]Plaintiff's response alludes to this date error.  (Doc. 27 at 1).  Given the fact that the administrative hearing took place in August 2007, a decision date of January 2007 is clearly incorrect.  In any event, Plaintiff indicates that he received the decision in January 2008. Thus, the fact that the decision had the incorrect date does not impact my recommendation on the instant motion.

17).  The notice advised Plaintiff he had sixty days to file a civil action, and if he was unable

to do so within the sixty days, he could request an extension of time in writing.  *Id.* at 18.  On

July 10, 2008, the Appeals Council granted Plaintiff's request for an extension of time.  (Doc.

1-1 at 5).  On August 28, 2008, a letter was sent to Plaintiff granting him an additional thirty

days from the date he received the Appeals Council's letter in which to file a civil action.  The

letter acknowledged receipt of a request by Plaintiff for an extension of time and granted the

request, noting: "No further extensions of time will be granted."  *Id.* at 6.  By Plaintiff's

unverified account, the two letters from the Appeals Council granting him extensions of time

were received by him "with less than half the time left on the date to appeal."  (Doc. 27 at 2).

Because of this alleged disparity in timing, he claims that he requested certified signature

mailing which would leave no doubt as to the date he received the letters.  According to

Plaintiff, he did not hear back from the Appeals Council regarding this request.  *Id.*  On

January 30, 2009, Plaintiff initiated this action by filing his Complaint with this court.  (Doc.

1).[5]  On February 6, 2009, the Appeals Council sent a letter to Plaintiff stating that his request

for another extension of time[6] was denied.  The Appeals Council noted that Plaintiff had

---

[5]Plaintiff's Complaint consists of fourteen numbered paragraphs in which he identifies facts, mostly medical, which have been "omitted" or are "inaccurate" in the ALJ's decision. (Doc. 1).

[6]The Plaintiff's multiple written requests for extensions of time are not part of the record, however, the Appeals Council's letter reflects the basis for the third requested extension by Plaintiff was due to the fact that the letter sent by the Appeals Council dated August 28, 2008, was allegedly not received by him until September 23, 2008.  (Doc. 25-1 at 23).

previously been provided two extensions of time, the last of which advised him that no further

extensions would be granted.  (Doc. 25-1 at 23).

     After being served with Plaintiff's Complaint,[7] Defendant filed the instant motion.

(Doc. 25).  Plaintiff did not initially respond, and the court entered an order directing Plaintiff

to file a response to the motion to dismiss.  *See* (Doc. 26).  Thereafter, Plaintiff filed his

response, urging that Defendant's motion be denied for various reasons, including the loss of

his hearing transcript, delays in receipt of correspondence from the Appeals Council, and his

medical state at the time.[8]  (Doc. 27).  On January 25, 2011, the undersigned entered an Order

advising the parties that the Commissioner's motion would be treated as one for summary

judgment and it would be taken under advisement within twenty days.  The parties were

advised further that they could file additional affidavits and/or documents within the purview

---

[7]As reflected in the docket, the Plaintiff had difficulty effecting proper service on the
Commissioner.  *See* (Docs. 9, 12, 14, 16).  Notwithstanding, proper service was ultimately
achieved.

[8]By his response, Plaintiff essentially argues that there are extraordinary circumstances
which justify equitable tolling and excuse the lateness of his complaint.  Initially Plaintiff
complains that because the ALJ's decision was dated wrong, there was a delay in locating his
file.  As a result, he had to wait nearly six months to obtain his file from the Social Security
department.  He explains that he needed his file, and specifically the hearing transcript, before
an attorney would consider taking his case.  By his account, the hearing transcript was never
found, and the lack of the transcript was the main reason for the delay in his filings.  He
further complains that there was a delay in his receiving the notices from the Appeals Council
regarding his requested extensions such that they arrived with less than half the time left for
him to file an appeal.  When he received the notice from the Appeals Council on February 6,
2009, that no more extensions would be given, he had already filed the instant appeal the
month before.  Plaintiff also alleges he was diagnosed with depressive disorder in August
2008 and was being treated by a licensed psychologist.  He urges that his medical condition
was a contributing factor to his late filing.  (Doc. 27).

of Federal Rule of Civil Procedure 56 within that period.  (Doc. 28).  As of the date of this report, neither party has filed additional documentation.

II.

A.

The Commissioner seeks to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) or, in the alternative, pursuant to Rule 56.  Under Rule 12(b), if matters outside the pleadings are submitted with a motion to dismiss for failure to state a claim and those matters are considered by the court, the court must treat the motion as one for summary judgment, pursuant to Rule 56, and allow the parties "a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  Because matters outside the pleadings have been presented and considered by the court, the Commissioner's motion is treated as a motion for summary judgment.  The parties have been provided adequate notice under Rule 56(c).  *See* (Doc. 28).

The court shall grant summary judgment for the moving party only when "there is no genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The court may look to "the pleadings, the discovery and disclosure materials on file, and any affidavits" in determining whether summary judgment is appropriate.  Fed. R. Civ. P. 56(c).  The movant bears the exacting burden of demonstrating that there is no dispute as to any material fact in the case.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993).  Once the moving party satisfies its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 324; *Howard*

5

*v. BP Oil Co.,* 32 F.3d 520, 524 (11th Cir. 1994).  The non-movant must designate specific

facts showing a genuine issue for trial beyond mere allegations or the party's perception.

*Perkins v. Sch. Bd. of Pinellas County*, 902 F. Supp. 1503, 1505 (M.D. Fla. 1995).  It must set

forth, by affidavit or other appropriate means, specific facts showing that there is a genuine

issue for trial.  *See* Fed. R. Civ. P. 56(e)(2).

When deciding a motion for summary judgment, "[i]t is not part of the court's

function . . . to decide issues of material fact, but rather determine whether such issues exist to

be tried . . ." and "[t]he court must avoid weighing conflicting evidence or making credibility

determinations."  *Hairston*, 9 F.3d at 919 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

242 (1986)).  The only determination for the court in a summary judgment proceeding is

whether there exists genuine and material issues of fact to be tried.  *Hairston*, 9 F.3d at 921;

*see also Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 959 (11th Cir. 1997).

All the evidence and inferences from the underlying facts must be viewed in the light most

favorable to the nonmoving party.  *Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th

Cir. 1997).

B.

The statutory deadline for filing a civil action after the final denial of a claim for

disability insurance benefits is set forth in 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner
> of Social Security made after a hearing to which he was a
> party . . . may obtain a review of such decision by a civil
> action commenced within sixty days after the mailing to him
> of notice of such decision or within such further time as the
> Commissioner of Social Security may allow."

42 U.S.C. § 405(g).  The sixty-day time period begins to run when a claimant receives the

notice of the decision, which is presumed to be five days after the date of such decision,

unless there is a reasonable showing to the contrary.  20 C.F.R. §§ 404.901, 422.210(c).  The

Commissioner has interpreted this provision to mean that a complaint is timely filed if it is

filed within sixty-five days of the date on the Appeals Council's notice.  20 C.F.R.

§§ 404.901, 404.981, 422.210(c).

          The sixty-day filing period prescribed by § 405(g) is in the nature of a statute of

limitations and is subject to equitable tolling.  *Bowen v. City of New York*, 476 U.S. 467, 478-

480 (1986).  To demonstrate that equitable tolling is warranted, a plaintiff must justify his

untimely filing by demonstrating extraordinary circumstances.  *Jackson v. Astrue*, 506 F.3d

1349, 1353 (11th Cir. 2007).  Extraordinary circumstances may be shown "where the

defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff

has no reasonable way of discovering the wrong perpetrated against [him] . . ."  *Id.* (quoting

*Waller v. Comm'r of Soc. Sec.*, 168 Fed. Appx. 919, 921 (11th Cir. 2006) (unpublished

opinion)).  Extraordinary circumstances also may be shown by demonstrating fraud,

misinformation, or deliberate concealment.  *Jackson*, 506 F.3d at 1355.  The plaintiff bears the

burden of establishing that equitable tolling of the statute of limitations is justified.  *See Jones*

*v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002) (habeas context); *Carter v. West*

*Publ'g Co.*, 225 F.3d 1258, 1265 (11th Cir. 2000) (Title VII context).  Because conditions on

the waiver of sovereign immunity by the United States must be strictly construed, equitable

tolling of a statute of limitations typically is used only in rare cases.  *Bowen*, 476 U.S. at 480-

81.

III.

By my review of the record, there exists no genuine issue of material fact as to the untimeliness of Plaintiff's Complaint.  The Complaint was untimely because it was not filed within thirty day after the Appeals Council granted a second extension of time to file a civil action.  The Appeals Council sent a notice on August 28, 2008, granting Plaintiff a thirty-day extension from the date he received the notice in which to file his civil action.  Under the applicable regulations, Plaintiff is presumed to have received the notice on September 2, 2008, unless there is a reasonable showing to the contrary.  20 C.F.R. §§ 404.901, 404.981, 422.210(c).  Consequently, to have timely brought this action under § 405(g) and the applicable regulations, Plaintiff was required to file his Complaint on or before October 3, 2008.[9]  Plaintiff's Complaint was not filed until January 30, 2009, nearly four months late, and thus is untimely.

Plaintiff's response seems to acknowledge as much as he urges that his circumstances justify the equitable tolling of the deadline for filing.  To the contrary, the Commissioner submits that no "extraordinary circumstances" are present here and thus equitable tolling does not apply.

As discussed below, I find no showing of extraordinary circumstances such that the Plaintiff may avail himself of the doctrine of equitable tolling.  The Eleventh Circuit has held that "traditional equitable tolling principles require a claimant to justify [his] untimely filing by a showing of extraordinary circumstances." *Jackson,* 506 F.3d at 1353.  Here, even if the

---

[9]Thirty days would have been October 2, 2008, which was a Sunday.  Thus, to be timely Plaintiff would have had to initiate his civil action by Monday, October 3, 2008.

Commissioner's handling of Plaintiff's file was sloppy, a matter not well-established, Plaintiff

nevertheless fails to make a showing of extraordinary circumstances which would justify his

untimely filing.  While the alleged delay in receipt of an Appeals Council notice may impact

the time when the clock begins to run for purposes of calculating the date in which a civil

action must be filed, even assuming that Plaintiff did not receive the Appeals Council Notice

until more than halfway through the last thirty-day extension, his Complaint would still be

considered untimely.  The second notice explicitly stated that no further extensions would be

granted.  Plaintiff does not dispute that he received the Appeals Council's notices, only that he

received them late.[10]  However, giving Plaintiff every benefit of the doubt, even if the notice

was not received until September 23, 2008, and he calculated his thirty-day extension from

that date, his Complaint would have had to been filed by October 23, 2008, and it was not.

Rather, the Complaint filed on January 30, 2009, would still be over three months late.

Moreover, given that this was his second extension and it reflected that no further extensions

would be granted, Plaintiff has failed to demonstrate he exercised due diligence in preserving

his claim.  *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (noting that the

Court has "generally been less forgiving in receiving late filings where the claimant failed to

exercise due diligence in preserving his legal rights").

---

[10]It is worth noting that the Appeals Council's notices to Plaintiff granting the
requested extensions of time were sent to Plaintiff at the same address as other
communications from the SSA, including the letter with a copy of the ALJ's decision and the
Appeals Council's denial of his request for review. *Cf.* Docs. 25-1 at 22, 23 *with* Docs. 25-1
at 5, 17.  Plaintiff does not complain that the earlier communications (Docs. 25-1 at 5, 17)
were not received within an appropriate time frame.

As for Plaintiff's contention that the ALJ's decision was dated incorrectly, such error, while careless, was harmless as it relates to calculating Plaintiff's time for filing a civil action under the regulations. Plaintiff does not dispute that he received the ALJ's decision, and in fact he filed a timely request for review. Further, he does not dispute that he received the Appeals Council's notice denying his request for review, to which he responded with a request for an extension of time. Regarding the "missing" hearing transcript, even if true, and once again, there is no demonstration that such was the case, the lack of transcript at that point would not prevent the filing of a complaint in a timely manner.

Finally, in his response, Plaintiff states, "[a]lso in this same time frame in August of 2008, I was diagnosed with depressive Disorder and treated by a Licensed Psychologist. This certainly complicated matters as well." (Doc. 27 at 2). This Circuit and others have recognized that equitable tolling may be warranted in the social security context when a plaintiff can demonstrate that a mental impairment hindered his ability to seek judicial review. *See Elchediak v. Heckler*, 750 F.2d 892, 894 (11th Cir. 1985) (finding plaintiff raised a colorable constitutional claim that his mental illness prevented him from understanding and pursuing his administrative remedies following the denial of his first application for benefits); *Canales v. Sullivan*, 936 F.2d 755, 758 (2d Cir. 1991) (holding that equitable tolling was available to an SSI claimant suffering from mental illness who asserted her illness prevented her from seeking judicial review in a timely manner); *Parker v. Califano*, 644 F.2d 1199, 1203 (6th Cir. 1981) (finding this type of contention "peculiarly apropos in the context of Social Security disability benefit proceedings in which, as here, the very disability that forms

10

all or part of the basis for which the claimant seeks benefits may deprive her of the ability to

understand or act upon notice of available administrative procedures").

Whether a plaintiff is "sufficiently mentally disabled to justify tolling of a limitation

period is . . . highly case-specific." *Boos v. Runyon*, 201 F.3d 178 (2d Cir. 2000). The issue,

as articulated by the *Elchediak* court, is whether the plaintiff's "mental illness prevented him

from understanding and pursuing his administrative remedies." In reversing the district

court's decision in favor of the Commissioner, the Eleventh Circuit held that Elchediak raised

a colorable constitutional claim that his mental illness prevented him from proceeding in a

timely fashion from one administrative level to the next because it was shown: "(1) he suffers

from a medically-documented mental illness which serves as the basis for his disability claim;

(2) on his first application he was without the assistance of counsel or other suitable

representation; and (3) that he cannot assert a new claim for benefits because he now lacks

insured status." *Elchediak*, 750 F.2d at 894-95.

Based upon my review of the record evidence supplied to the court, while this is a

significant issue, Plaintiff's alleged depressive disorder did not prevent him from

understanding and pursuing his administrative remedies such that equitable tolling may be

invoked to excuse his untimely filing. In reviewing the ALJ's decision in this case, there is no

indication that Plaintiff suffered from a medically documented mental illness that served as

the basis for his application for disability benefits, and as previously noted, Plaintiff was

represented by counsel at the hearing.[11] Although Plaintiff refers to an August 2008 diagnosis

---

[11]In the ALJ's decision, he determined that Plaintiff has severe impairments related to a history of left great toe fracture, degenerative disc disease of the lumbar spine, and medial

of depressive disorder (Doc. 27 at 2), Plaintiff's Complaint states that a "Depression

Diagnosis [ ] was given to the Social security office in 2004 [that] was left out of the

decision." (Doc. 1 at 1).  Despite being provided an opportunity to supplement the record,

Plaintiff proffers no evidence to support an August 2008 (or a 2004) diagnosis as claimed.

The facts and circumstances also suggest that Plaintiff did not suffer from a mental

illness that impaired his ability to understand and pursue judicial review of his claim.  As

noted, Plaintiff was able to successfully and timely request review upon receipt of the ALJ's

unfavorable decision.  Thereafter, upon receipt of the Appeals Council's denial of his request

for review, Plaintiff was able to successfully and timely request an extension of time to file his

civil action.  As noted above, thereafter, Plaintiff submitted a second timely request for an

extension of time.  By my consideration, this demonstrates the Plaintiff's appreciation that

there were deadlines for accomplishing certain tasks in order to move his appeal along and

that he successfully met the deadlines.  *See Waller*, 168 Fed. Appx. at 921 (equitable tolling of

limitations period was not available to plaintiff whose complaint was untimely filed despite

plaintiff's statement regarding an inability to act due to mental illness where other evidence

revealed plaintiff successfully sent letter requesting a time extension as well as met with an

attorney and provided her with SSA documents prior to the expiration of the 60-day

limitations period).  As Plaintiff describes his efforts: "[a]fter multiple trips to the Social

Security office and hundred's of phone calls to date nearly three years later no one has found

---

meniscus tear of the right knee.  (Doc. 25-1 at 10).  There is no mention of testimony by the
Plaintiff as to any depression or mental impairment.  In his decision, the ALJ also summarized
the medical records he reviewed.  *See id.* at 12-14.  Again, there is no reference to depression,
a mental health condition, or any treatment for same.

my hearing transcripts and no one at the Social Security department has taken any

responsibility in this matter.  This was of course, the main reason for my delay in filing, and

was at the exact time, I was requesting more time to file my appeal.  When I finally realized

the Social Security office was never going to find my hearing transcripts or take proper

responsibility, I forged ahead and filed ahead with my own appeal without a proper attorney."

(Doc. 27 at 2).  Again, such suggests a clarity of thought and purpose on Plaintiff's part.

Furthermore, in reviewing Plaintiff's pro se Complaint, while he may not fully appreciate the

legal significance of certain of his allegations, he nevertheless was able to articulate multiple

perceived discrepancies in the facts contained in the decision.  By my consideration, his

Complaint offers a fairly detailed analysis, in laymen's terms, of the ALJ's decision vis-a-vis

his medical records and the capacity for his appreciation and understanding of the process.

In sum, the circumstances evidence an understanding by Plaintiff of what he needed

to do to pursue judicial review of his claim and his ability to address such matters.  While I

am troubled by the assertion that the SSA lost the transcript of Plaintiff's hearing, even if such

were true, I cannot conclude that such excuses Plaintiff's untimely filing of his Complaint in

this case or is such an extraordinary circumstance that equitable tolling applies.

Thus, after careful consideration of the course of the proceedings and the proffered

evidence, I am obliged to conclude that Plaintiff's Complaint was filed untimely and

extraordinary circumstances do not exist to justify equitable tolling of the time for filing a

civil action.  Thus, I recommend Defendant's motion be granted.

IV.

Accordingly, for the foregoing reasons, it is RECOMMENDED that the

Commissioner's Motion to Dismiss or in the Alternative Motion for Summary Judgment

(Doc. 25) be **GRANTED** and that the Clerk be directed to enter Judgment in Defendant's

favor and close the case.

> Respectfully submitted this
> 24th day of February 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations

contained in this report within fourteen (14) days from the date of its service shall bar an

aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a

district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R.

Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
Counsel of Record
Pro Se Plaintiff